IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY L. BILIOURIS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1591-N |
| | § | |
| SUNDANCE RESOURCES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses the Defendants Sundance Resources, Inc. ("SRI"), Michael Patman, and David Patman's (collectively, "Sundance") motion for new trial and to amend judgment [305].[1] The Court holds that Sundance is not entitled to a new trial or an amended judgment, except with respect to the Patmans' joint and several liability on the Plaintiffs' breach of contract claims and Michael Patman's joint and several liability to Timothy Biliouris on his statutory fraud claim. Accordingly, the Court grants in part and denies in part the motion.

### I. ORIGINS OF THE DEFENDANTS' MOTION

Plaintiffs asserted the following claims against Sundance and its individual executives: breach of contract, common law fraud, statutory fraud, fraudulent transfer, civil conspiracy, joint enterprise, alter ego, and violation of the Section 33 of Texas Securities Act. The case came before the Court for jury trial on May 26, 2009, which lasted almost two

---

[1]The Court grants the parties' unopposed motion to extend time [319].

weeks.  On June 4, 2009, at the conclusion of the parties' cases, the Court found that there was no genuine issue of material fact with respect to Sundance's breach of contract for failure to pay the Plaintiffs the minimum principal repayment established in its agreements with the Plaintiffs.  Thus, the Court declined to submit this portion of the Plaintiffs' breach of contract claims to the jury.

After the jury delivered its verdict, the Court granted judgment as a matter of law on two discrete issues.  First, the Court found as a matter of law that Defendants breached their contract with the Plaintiffs that participated in Rig Bank 4 by failing to assign carried working interests in the wells drilled and completed by the Rig Bank 4 rig.  Second, the Court found that the plaintiffs who elected not to testify at trial cannot recover on their fraud claims because the jury lacked individualized evidence of reliance to support its verdict with respect to those Plaintiffs.  Otherwise, the Court entered judgment in accordance with the jury verdict.  *See* Final Judgment [298].  Now, Sundance moves for a new trial and to amend the Court's Final Judgment (the "Judgment") based on alleged errors by the Court, jury, and opposing party.

## II. STANDARD FOR MOTION FOR NEW TRIAL AND TO AMEND JUDGMENT

Sundance moves for new trial under Federal Rule of Civil Procedure 59(a) and to amend the judgment under Rule 59(e).

### A. Standard for New Trial

The Court may grant a new trial to any party to a jury trial on any or all issues "for any reason for which new trials have heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). "The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court." *Foradori v. Harris*, 523 F.3d 477, 503-04 (5th Cir. 2008) (quoting *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982)).

A court must remand a case for a new trial if the jury gives inconsistent answers to special interrogatories. *Fiber Sys. Intern., Inc. v. Roehrs*, 470 F.3d 1150, 1167 (5th Cir. 2006) (citing *Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978)). "In determining whether answers are inconsistent, we look to 'whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted.'" *Id.* at 1167-68 (quoting *FDIC v. Fid. & Deposit Co.*, 45 F.3d 969, 977 (5th Cir. 1995)). A court should consider a jury's answers inconsistent, however, "only if there is no way to reconcile them." *Id.* at 1168 (quoting *Willard*, 577 F.2d at 1011). The Fifth Circuit makes "a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible." *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir. 2001).

### B. Standard for Amending Judgment

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  The Fifth Circuit has held that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Instead, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### III. DEFENDANTS ARE NOT ENTITLED TO A NEW TRIAL OR AN AMENDED JUDGMENT, EXCEPT WITH RESPECT TO THE INDIVIDUAL DEFENDANTS' JOINT AND SEVERAL LIABILITY ON THE PLAINTIFFS' BREACH OF CONTRACT CLAIMS

Sundance makes seven arguments in favor of its motion for new trial or to amend judgment: (1) the Court awarded duplicative damages for rescission and breach of contract; (2) breach of contract damages cannot be awarded against the Patmans due to the jury's findings regarding common law fraud; (3) damages for statutory fraud are not properly imposed on Michael Patman or David Patman (collectively, the "Patmans"); (4) a judgment for statutory fraud is inconsistent with the Court's breach of contract findings on loan repayments; (5) punitive damages for statutory fraud are improper due to Question 12 of the jury instructions; (6) the Court should grant a new trial in the interests of justice; and (7) a

new trial is warranted to remedy payments the Plaintiffs allegedly made to Belinda Patman, a potential witness. The Court considers each in turn.

### A. The Court Did Not Award Duplicative Damages

Plaintiffs William Lionetta ("Lionetta"), Gordon Morrow ("Morrow"), and Morrow Family LP ("Morrow LP") are the only Plaintiffs that received a favorable finding in all of three categories: common law fraud, breach of contract for failure to pay principal amounts, and breach of contract for failure to a pay carried working interest. In the Judgment, the Court awarded them fraud damages equal to the amount of principal they paid and punitive damages, as well as damages based on Sundance's failure to pay carried working interests. Sundance argues that the structure of the Court's judgment awards these three plaintiffs duplicative recovery.

A plaintiff induced into a contract by fraud has a choice of remedies: "he may either recover his monetary damages flowing from the fraud or he may elect the equitable remedy of rescission in lieu of damages and demand a return of any amount paid." *Nelson v. Najm*, 127 S.W.3d 170, 176 (Tex. App. – Houston [1st Dist.] 2003, pet. denied) (citing *Scott v. Sebree*, 986 S.W.2d 364, 368 (Tex. App. – Austin 1999, pet. denied)). If a plaintiff elects to receive monetary damages, they will be measured in one of two ways: "the out-of-pocket measure [or] the benefit-of-the-bargain measure. The out of pocket measure computes the difference between the value paid and the value received, while the benefit of the bargain measure computes the difference between the value as represented and the value received." *Aqualplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768 (Tex. 2009) (citing *Formosa*

*Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).  The relevant measure of rescission damages, on the other hand, is "the return of the consideration paid, together with such further special damage or expense as may have been reasonably incurred by the party wronged on account of the contract."  *In re Seaquest Diving, LP*, 579 F.3d 411, 419 (5th Cir. 2009) (quoting *For Smith v. Nat'l Resort Cmtys., Inc.*, 585 S.W.2d 655, 660 (Tex. 1979)).  Where a prevailing party fails to elect a remedy, "the trial court should use the findings affording the greater recovery and render judgment accordingly." *Lundy v. Masson*, 260 S.W.3d 482 (Tex. App. – Houston [14th Dist] 2008, pet. denied) (citing *Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 367 (Tex. 1987)).

The measure of fraud damages that affords Lionetta, Morrow, and Morrow LP the greatest recovery is the benefit of the bargain measure.  In the context of this case, the benefit of the bargain includes damages based on Sundance's failure to repay the principal amounts of the Plaintiffs' loans as well as damages based on Sundance's failure to pay carried working interests on all wells drilled and completed by the rig bank 4 rig.  Additionally, they are entitled to punitive damages as assessed by the jury due to Sundance's fraud.  The Judgment awards Lionetta, Morrow, and Morrow LP those amounts.

In an effort to organize the complex web of Plaintiffs and their various claims, the Court provided a separate table for each claim or category of damages, listing each Plaintiff and the amount of his or her recovery.  In the table relevant to actual damages for common law fraud, the Court used the heading "rescission damages" and listed all of the Plaintiffs that received a favorable fraud finding, including Lionetta, Morrow, and Morrow LP.  For the

vast majority of the Plaintiffs in that group, the Court's categorization of the remedy was inconsequential, as all three potential measures of fraud damages yield the same result. In that table, the Court awarded damages equal to the amount of principal that each Plaintiff contributed to Sundance. Then, in a separate table, the Court listed the punitive damages available to each Plaintiff, based on the jury's verdict. Again, this table included Lionetta, Morrow, and Morrow LP. Finally, the Court listed all of the Plaintiffs that were entitled to damages for Sundance's failure to pay carried working interests to the participants in Rig Bank 4, including Lionetta, Morrow, and Morrow LP.

To the extent that the Court, by organizing the Judgment in the form that it did, appeared to award Lionetta, Morrow, and Morrow LP inconsistent forms of relief – that is, both rescission damages and breach of contract damages – it clarifies that the damages it awarded to these three plaintiffs are based on their entitlement to the benefit of their bargain due to Defendants' fraud. The Court did not award duplicative recovery. Accordingly, the Court denies Sundance's request for a new trial or to amend judgment on this ground.

### B. The Patmans are Not Jointly and Severally Liable for SRI's Breach of Contract

Sundance argues the Court should not have imposed joint and several liability on the Patmans for SRI's breach of contract in any circumstance in which the jury found that the Patmans did not commit common law fraud. On this point, the Court agrees.

Sundance bases its argument on section 21.223(a) of the Texas Business Organizations Code (the "Texas Alter Ego Statute"), which provides that a shareholder or affiliate of a corporation "may not be held liable to the corporation or its obligees with

respect to . . . (2) any contractual obligation of the corporation or any matter relating to or

arising from the obligation on the basis that the [shareholder or affiliate] is or was the alter

ego of the corporation on the basis of actual or constructive fraud, a sham to perpetrate fraud,

or other similar theory."  However, this section does not prevent or limit the liability of a

shareholder or affiliate that "caused the corporation to be used for the purpose of perpetrating

and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of

the holder, beneficial owner, subscriber, or affiliate."[2]  TEX. BUS. ORG. CODE § 21.223(b).

The statute applies not only to shareholders, but also "encompasses any *individual* who is

affiliated with (1) a shareholder of the corporation, (2) a beneficial owner or subscriber of

shares of the corporation, or (3) simply the corporation itself in some capacity, which . . .

---

[2]The Texas Alter Ego Statute controls not only where a plaintiff seeks to pierce the corporate veil with the alter ego theory, but also where a plaintiff seeks to impose joint and several liability under the joint enterprise theory.  In *S. Union Co. v. City of Edinburg*, the Texas Supreme Court noted:

> We need not decide today whether a theory of "single business enterprise" is a necessary addition to Texas law regarding the theory of alter ego for disregarding corporate structure and the theories of joint venture, joint enterprise, or partnership for imposing joint and several liability. That is because whatever label might be given to the City's attempt to treat the Valero entities as a single entity, article 2.21 of the Texas Business Corporation Act controls, and the questions submitted to the jury were intended to embody the requirements of article 2.21.

129 S.W.3d 74, 87 (Tex. 2003) (footnote omitted).  As the Fifth Circuit recognized, the *S. Union Co.* Court held that the single business enterprise theory "could not be used to impute the contracts of one corporation to an affiliated corporation due to Texas Business Corporation Act article 2.21, because article 2.21 requires a showing of actual fraud and the single business enterprise theory does not."  *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 538 (Tex. 2005).  Thus, the Court cannot impose joint and several liability based on the joint enterprise theory without a finding of actual fraud, as required by section 21.223(b).  *See* TEX. BUS. ORG. CODE § 21.223(b).

includes officers and directors." *Phillips v. United Heritage Corp.*, 2010 WL 2109132, at
*10 (Tex. App. – Waco 2010, no pet. h.). Thus, under the Texas Alter Ego Statute, any
individual affiliate of a corporation is not liable for the corporation's contractual obligations
unless the plaintiff demonstrates that the owner engaged in actual fraud primarily for his
personal benefit. *See Priddy v. Rawson*, 282 S.W.3d 588, 600 (Tex. App. – Houston [14th
Dist.] 2009, pet. denied); Tᴇх. Bᴜs. Oʀɢ. Cᴏᴅᴇ § 21.223(b).

      Here, Question 3 of the jury charge asked the following: "did the Defendants commit
fraud against Plaintiffs?" Jury Charge at 11. The question required a separate answer for
each Plaintiff. The jury answered "yes" with respect to some Plaintiffs and "no" with respect
to others. *Id.* at 11-12. The Court awarded fraud damages, including punitives, to those
Plaintiffs that received a "yes" finding. Final Judgment at 2-3. Those Plaintiffs that received
a "no" finding, on the other hand, received breach of contract damages based on the Court's
judgment as a matter of law against SRI. *Id.* at 4. In order to determine whether joint and
several liability was appropriate on the Plaintiff's breach of contract claims, Question 8 asked
the jury whether: "M. Patman and/or P. Patman used SRI for the purpose of perpetrating and
did perpetrate an actual fraud on Plaintiffs primarily for the direct personal benefit of M.
Patman and/or P. Patman." Jury Charge at 24. Unlike the common law fraud question, the
alter ego question did not require a separate answer for each Plaintiff. The jury answered
"yes" with respect to both Patmans. Based on the jury's alter ego finding, the Court imposed
joint and several liability on the Patmans for SRI's breach of contract.

The Court agrees with Sundance that the jury's omnibus "yes" answers to the alter ego question conflict with its "no" answers to the common law fraud question with respect to some plaintiffs. In the Court's view, the best way to reconcile this apparent inconsistency is to hold that the jury found that the Patmans acted as SRI's alter ego with respect to all of the Plaintiffs for whom it answered yes to both the common law fraud question, but did not act as SRI's alter ego with respect to those Plaintiffs for whom it answered no to the common law fraud question. Thus, where the jury answered "no" on the common law fraud question, the Court holds that it cannot impose joint and several liability for SRI's breach of contract.[3] The Court grants Sundance's motion and amends its final judgment in this respect.

### C. Damages For Statutory Fraud Are Properly Imposed on the Patmans, Except that Michael Patman is Not Liable to Biliouris for Statutory Fraud

The jury found that SRI committed statutory fraud against three individual Plaintiffs. Based on the jury's alter ego finding, the Court awarded actual and punitive damages for statutory fraud against SRI and both of the Patmans, jointly and severally.

**1. Imposition of Joint and Several Liability.** – Sundance argues that Michael Patman cannot be held jointly and severally liable to Biliouris for SRI's statutory fraud because the jury found that Michael Patman did not commit common law fraud against Biliouris, which is inconsistent with its "yes" answer to the alter ego question. The Court addresses this argument in full in Section III(B) above and, for the same reasons it provides

---

[3]For the same reason, the Court holds that Michael Patman is not jointly and severally liable for SRI's statutory fraud against Timothy Biliouris.

in the context of the Plaintiffs' breach of contract claims, it grants Sundance's request for new trial or to amend judgment on this ground.

Although the jury answered "yes" to the common law fraud question with respect to all of the other Plaintiffs, Sundance objects to the Court's imposition of joint and several liability for statutory fraud in general because the jury lacked sufficient evidence to answer the alter ego question in the affirmative. The Court addresses this argument in section III(F) below and, for the reasons stated there, denies Sundance's motion on that ground.

**2. The Quantum of Proof for Exemplary Damages.** – Additionally, Sundance argues that the Court cannot impose punitive damages for statutory fraud on any of the Defendants because it instructed the jury with the wrong quantum of proof: preponderance of the evidence rather than clear and convincing evidence. Sundance failed to timely object to the question.[4]

In order to recover exemplary damages in Texas, a Plaintiff must prove by clear and convincing evidence that the harm it suffered resulted from fraud or malice committed by the Defendant. *W.L. Lindemann Operating Co., Inc. v. Strange*, 256 S.W.3d 766, 774-75 (Tex. App. – Fort Worth 2008, pet. denied); *see* Tex. Civ. Prac. & Rem. Code § 41.003. Here,

---

[4]Where a party fails to timely object to a jury instruction, a new trial is appropriate only where the district court committed a plain error. In considering this issue, the Fifth Circuit evaluates whether the district court "committed an error, whether that error is plain, and whether the error affects substantial rights." *United States v. Betancourt*, 586 F.3d 303, 306 (5th Cir. 2009) (quoting *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004); *United States v. Olano*, 507 U.S. 725, 732 (1993)). "If these three elements are met, then [the Fifth Circuit] can use [its] discretion to correct the error only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.*

the jury charge specifically asked: "do you find by clear and convincing evidence that the harm to Plaintiffs caused by the conduct you found in either of Question Nos. 3 or 4 resulted from malice or fraud?" The jury answered yes with respect to all three Defendants. The Court finds that the jury's answer is sufficient to support punitive damages for statutory fraud as to all Defendants.[5] Accordingly, the Court denies Sundance's motion for a new trial and to amend judgment on this ground.

### D. A Judgment for Statutory Fraud is Not Inconsistent with the Court's Breach of Contract Findings on Loan Repayments

Sundance argues that the Court's imposition of damages for statutory fraud pursuant to Section 27.01 of the Texas Business and Commerce Code is inconsistent with the Court's award of breach of contract damages "for failure to repay principal loan amounts." *See* Final Judgment at 4. Section 27.01 applies to an interest in real estate or stock. It does not, on the other hand, apply to a loan transaction, even where the transaction is secured by land. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008). Sundance argues that, because the Court found that the case involved loans, Section 27.01 does not apply as a matter of law. Thus, Sundance argues that the Court cannot award damages for statutory

_____

[5]Sundance argues that, in order to hold the Patmans jointly and severally liable for statutory fraud, the Plaintiffs needed to prove by clear and convincing evidence not only that the harm Sundance caused was the result of fraud or malice, but also that the Patmans were the alter ego of Sundance. Sundance cites no Texas authority, other than a general reference to "Chapter 44 of the Texas Civil Practice and Remedies Code," which does not exist. The Court finds that the jury's "yes" answer to question 12 is complies with the requirements of section 41.003 of the Texas Civil Practice and Remedies Code and supports the imposition of punitive damages.

fraud. The Court notes that Sundance did not timely object to the inclusion of the statutory fraud question in the jury charge for this reason.

The hybrid transactions at issue involved both a loan and an interest in real estate. Each of the Plaintiffs loaned SRI various principal amounts to finance the purchase of an oil drilling rig, in exchange for eventual repayment of principal *as well as* a carried working interest in every well drilled by the rig and completed.[6] "Oil and gas interest are real property interests." *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 339 (Tex. 2009). Thus, the Court holds that Section 27.01 applies and that the Court's imposition of statutory damages pursuant to the statute was not inconsistent with its description of one element of the transactions as "loans." Accordingly, the Court denies Sundance's motion for a new trial and to amend judgment on this ground.

### E. Punitive Damages for Statutory Fraud are Not Improper Due to Jury Question 12

Jury question 12 asked whether "the harm to Plaintiffs caused by the conduct [the jury] found in either Question Nos. 3 or 3 resulted from malice or fraud." Sundance argues that because the question does not require separate answers for common law fraud and statutory fraud, the Court cannot impose punitive damages for either one. Again, Sundance did not timely object to the form of the question.

---

[6]With respect to Rig Banks 2 and 3, the jury found that SRI agreed to convey a carried working interest only where SRI owned an interest in the lease where the well was drilled. With respect to Rig Bank 4, the jury found that SRI agreed to convey a carried working interest regardless of whether SRI owned an interest in the underlying lease.

Sundance cites *Columbia Rio Grande Healthcare, LP v. Hawley*, 284 S.W.3d 851, 864-65 (Tex. 2009), and *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 388-89 (Tex. 2000) in support of its argument.[7] In *Crown Life*, the jury charge at issue contained a single liability question containing instructions on thirteen independent grounds for liability, four of which were invalid. 22 S.W.3d at 387-88. The Texas Supreme Court held that "when a trial court submits a single broad-form liability question incorporating multiple theories of liability, the error is harmful and a new trial is required when the appellate court cannot determine whether the jury based its verdict on an improperly submitted invalid theory." *Id.* at 388 (citing Tex. R. App. P. 61.1). In *Columbia Rio Grande*, the court considered *Crown Life* in the context of a related issue. There, the court reversed a jury verdict where the jury could have relied on an invalid subsidiary finding – that an independent contractor physician was a hospital's agent – in coming to its conclusion that the hospital was negligent.

Here, unlike *Crown Life* or *Columbia Rio Grande*, there is no invalid theory of liability or subsidiary finding at issue. The Court validly instructed the jury on both theories of liability that Question 6 refers to: common law fraud and statutory fraud. Moreover, there was more than sufficient evidence to support the jury's verdict on either ground. Thus, the jury's answer supports the imposition of joint and several liability against the Patmans on any

_____

[7]Sundance urges the Court to look to Texas law in determining whether its alleged error was harmful.

of the jury's "yes" answers in questions 3 and 4. The mere fact that Question 6 incorporated two theories of liability, without more, is insufficient to set aside the jury's answer.[8]

### F. A New Trial Is Not in the Interest of Justice

Sundance argues that the Court should grant a new trial in the interest of justice because there is insufficient evidence to support the jury verdict. The Court addressed this argument in its order denying Sundance's motion for judgment as a matter of law. It held:

> After seven days of trial testimony by over thirty witnesses, Sundance asserts that the jury lacked sufficient evidence to find in Plaintiffs' favor on every one of Plaintiffs' claims. This is an untenable argument. In general, the evidence on the record is more than sufficient to support the jury verdict. Weighing the evidence in favor of the nonmoving party, the facts and inferences are not so overwhelmingly in the Defendants' favor that reasonable jurors could not reach a contrary conclusion. Thus, the Court upholds the jury verdict on all counts – common law fraud, statutory fraud, fraudulent transfer, civil conspiracy, joint enterprise, alter ego, and violation of the Section 33 of Texas Securities Act – with the two exceptions described below.[9]

Judgment at 5. The Court stands by its prior holding. The jury verdict is not unfair or unjust, but rather is the result of a carefully presented trial at which the Plaintiffs offered significant evidence of the causes of action they raised. Accordingly, the Court denies Sundance's motion for a new trial and to amend judgment on this ground.

### G. A New Trial Is Not Necessary to Remedy Alleged Payments to Belinda Patman

---

[8]In the Court's view, the question simply asks the jury to decide whether the harm caused by Defendants' fraudulent activity – whatever the jury determined it to be questions 3 and 4 – was the result of fraud or malice. Thus, the jury's answer supports the imposition of punitive damages against the Patmans on any of the jury's "yes" answers in questions 3 and 4.

[9]The Court proceeded to grant judgment as a matter of law on two discrete issues unrelated to the jury's alter ego finding.

Sundance alleges that Plaintiffs' counsel paid Belinda Patman, a proposed witness that did not testify at trial, in exchange for her cooperation and potential testimony. The Court addressed this argument in its November 17, 2009 order denying Sundance's motion to conduct post-verdict discovery regarding witness tampering. *See* Order of Nov. 17, 2009 at 1 [296]. There, the Court held: "Even taking these allegations – which Plaintiffs strenuously dispute – as true, Defendants present no evidence that Plaintiffs' counsel improperly influenced, through payment or any other means, any witness who actually testified at trial." *Id.* at 1. For the same reason that the Court denied Sundance's request for post-verdict discovery, the Court denies its request for a new trial.

CONCLUSION

In summary, the Court holds that Sundance is not entitled to a new trial or an amended judgment, except with respect to the Patmans' liability on the Plaintiffs' breach of contract claims and Michael Patman's liability to Timothy Biliouris on his statutory fraud claim. Accordingly, the Court grants in part and denies in part Sundance's motion.

Signed August 11, 2010.

David C. Godbey
United States District Judge

ORDER – PAGE 16