IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY L. BILIOURIS, *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1591-N |
| | § | |
| SUNDANCE RESOURCES, INC., *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order of reference filed June 19, 2015 (doc. 377), before the Court is *Woodland Resources, LLC's ...Motion for Trial by Right of Property*, filed June 22, 2015 (doc. 380). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On June 22, 2015, Woodland Resources, LLC (Woodland),[1] filed an emergency motion for a temporary restraining order staying an auction scheduled for June 23, 2015, of property seized by the U.S. Marshal's Service at the request of the judgment creditors in this case pursuant to an amended final judgment entered on August 11, 2010 (doc. 331). (*See* doc. 380 at 5-6.) Woodland also moved, pursuant to "Texas law concerning Trials of Right of Property," for an order confirming the stay of the auction and for a hearing "of this issue." (*Id.*) The motion for temporary restraining order was denied by order dated June 23, 2015. (doc. 382.)

### II. MOTION FOR TRIAL BY RIGHT OF PROPERTY

Trial by right of property is a statutory remedy made available to a third party claimant of personal property that has been levied upon pursuant to a writ to which the claimant is not a party. Tex. R. Civ. P. 717. It is "intended to provide a means of giving a claimant a summary method of asserting

---

[1] Woodland is a nonparty to this action, but it filed a motion to intervene on June 22, 2015. (*See* doc. 379.)

his or her title or right of possession without resort to any ordinary suit for recovery of the property or its value." *Union Bank & Trust Co. v. Mireless*, 697 S.W.2d 745, 747 (Tex. App.–Corpus Christi 1985, no writ)(citing *White v. Jacobs*, 66 Tex. 462, 1 S.W. 344, 345 (1886)). A trial by right of property is obtained by filing an application in the suit in which the writ is pending. *See* Tex. R. Civ. P. 717. The application must state that the claim is made in good faith and may be supported by affidavits of persons having knowledge of the relevant facts. *Id*. It must comply with all statutory requirements, state the grounds for the claim, and state the specific facts relied upon by the claimant. *Id*.

In order to obtain possession of the levied property until a trial is held to determine its rights to the property, a claimant must file a sworn written motion admitting or denying each finding of the order directing the issuance of the writ by, except where it is unable to admit or deny. *Id*. at 718. In that case, the claimant must set forth the reasons why it cannot admit or deny. *Id*. The motion must also contain the reasons why the claimant has superior right or title to the property claimed. *Id*. If the parties do not agree to an extension of the time for a preliminary hearing on the motion for possession, the hearing should be held, and the issue shall determined no later than ten days after the motion is filed. *Id*. The claimant bears the burden of showing superior right or title to the property claimed as against the plaintiff and the defendant in the writ. *Id*. The motion shall stay any further proceedings under the writ, except for orders concerning the care, preservation, or sale of perishable property, until the preliminary hearing is held and the issue is determined. *Id*.

Here, Woodland moves for an order confirming an automatic stay of the June 23, 2015 auction and a hearing on its entitlement to the seized property. However, it failed to file an application and affidavit stating that its claim is made in good faith, the grounds for its claim, and the specific facts upon which it relies to warrant a decision by the Court in its favor. *See* Tex. R. Civ.P. 717. It also failed to file a sworn motion that seeks possession of the seized property and that admits or denies each

finding of the order directing the issuance of the writ as required.  *See* Tex. R. Civ.P. 718.  Even assuming the Texas procedural rules for a trial by right of property apply in this federal case, Woodland not only failed to follow the proper procedure for initiating a trial by right of property pursuant to Texas Rule 717, but it failed to follow the procedure for obtaining a hearing on its right to possess the property and invoking an automatic stay of proceedings under the writ pursuant to Rule 718.  Accordingly, no automatic stay of the proceedings under the writ was invoked, and Woodland's motion for a trial by right of property should be denied.

### III.  RECOMMENDATION

Woodland's motion for a trial by right of property should be denied.

**SO RECOMMENDED** on this 29th day of June, 2015.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE