**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TIMOTHY L. BILIOURIS,** *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:07-CV-1591-N** |
| | § | |
| **SUNDANCE RESOURCES, INC.,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference filed June 19, 2015 (doc. 377), before the Court is Joann Parten's request for return of her brother's property, filed November 4, 2015 (doc. 392). Based on the relevant filings and applicable law, the request should be **DENIED.**

## I.  BACKGROUND

Pursuant to a writ of execution issued on a final judgment in the underlying case, the U.S. Marshal (USM) levied upon personal property of the judgment debtors in the case, Michael Patman and David Patman (Judgment Debtors), including a 2000 Harley Davidson Chopper Motorcycle (the Motorcycle), on May 30, 2015.  (*See* doc. 331; doc. 381-2 at 7; doc. 381-6; doc. 394 at 2.)  The USM sold the Motorcycle at a public auction on June 23, 2015.  (doc. 391 at 1, 7.)

On November 4, 2015, Joann Parten filed a letter stating: "Pat [and] Beverly Patman was holding a motorcycle for me I had [p]ut there for my brother, that was taken from their property, [i]n which [I am] responsible for the motorcycle ... All [I] know is the motorcycle belongs to my brother L.T. Etchison[.] Your Honor I've sent a <u>copy</u> of the title for you[.]"  (doc. 392 at 1.)  She attached a copy of the Certificate of Title for the Motorcycle issued June 8, 2010, which was water marked "VOID."  (*Id*. at 2.)  The unsigned title lists "J T Etchinson" as the owner of the Motorcycle and

shows no liens on the Motorcycle.  (*Id*.)

With a December 4, 2015 letter, Ms. Parten sent what purports to be a copy of an insurance card for a policy covering the Motorcycle from a Dairyland County Mutual Insurance Company, listing "Etchinson L T" as the insured and the effective and expiration dates as "6-26-13" and "06-26-14", respectively.  (doc. 396 at 1-2.)  Also included is what purports to be a Policy Declarations sheet for that policy, which lists a policy period from June 26, 2012 until June 26, 2013; a vehicle inspection report for the Motorcycle, with a listed test date of September 7, 2012; a renewal offer for the policy, which lists the insured as "Etchinson L T" and the current coverage period as June 26, 2013 until June 26, 2014; and a vehicle registration renewal receipt dated September 7, 2012, for the Motorcycle and listing "L T Etchinson" as the owner.   (*Id*. at 3-6.)

With a December 10, 2015 letter, Ms. Parten included a copy of the title to the Motorcycle along with what purports to be the back side of a title.  (doc. 395 at 1-3.)  No assignments or reassignments are listed on the copy of the back side of the title, and there is also no indication that the copy of the back side belongs to the Motorcycle's title.  (*See id*. at 3.)

## II.  REQUEST FOR RETURN OF PROPERTY

Ms. Parten requests release of the Motorcycle to Judgment Debtors so that she can pick it up from them.  (doc. 392 at 1.)  She does not specify any law, statute, or procedure pursuant to which she seeks relief.

## A.    Intervention

The plaintiffs in the underlying case argue that Ms. Parten was required to seek intervention in this case and to prove a right to intervene.  (*See* doc. 394 at 2-3.)  Pursuant to Fed. R. Civ. P. 24(a), a claimant may intervene in a lawsuit by right if she "claims an interest relating to the

property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [her] interest, unless existing parties adequately represent that interest."   A claimant may also intervene in a suit permissively if she "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).[1]

In order to establish an interest related to property that forms the basis of the controversy under Rule 24(a), a claimant must point to an interest that is "direct, substantial, [and] legally protectable."  *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)(internal quotation marks and citations omitted); *see also Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970).  A claimant seeking intervention must be a real party in interest under Fed. R. Civ. P. 17(a).[2]  *See State Farm Fire and Cas. Co. v. Hood*, 266 F.R.D. 135, 140 (S.D.Miss. 2010)("The real party in interest requirement of Rule 17(a), Fed.R.Civ.P., 'applies to intervenors as well as plaintiffs.'").  Where, as here, "the claims in the main action have been dismissed, whether by decision on the merits or settlement, nonparties seeking intervention must

---

[1]Post-judgment motions to intervene have been allowed by the Fifth Circuit.  *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992)("We have allowed post-judgment intervention in other cases.")(citing *Thurman v. Federal Deposit Ins. Corp.*, 889 F.2d 1441, 1446 (5th Cir. 1989), and *Baker v. Wade*, 760 F.2d 289, 292 (5th Cir. 1985)(en banc), cert. denied, 478 U.S. 1022 (1986)).  Although the plaintiffs briefly argue that intervention would be untimely, this issue need not be considered because the motion is subject to denial on other grounds.

[2] According to Rule 17, an action must be prosecuted in the name of the real party in interest.  *See* Fed. R. Civ. P. 17(a). The following may sue in their own names, however, without joining the person for whose benefit the action is brought:
    (A) an executor;
    (B) an administrator;
    (C) a guardian;
    (D) a bailee;
    (E) a trustee of an express trust;
    (F) a party with whom or in whose name a contract has been made for another's benefit; and
    (G) a party authorized by statute.
(*Id.*)

show that they have standing under Article III of the United States Constitution in order to intervene." *State Farm Fire*, 266 F.R.D. at 140 (citing *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006)); *Fulbright & Jaworski, LLP v. Mariner Health Care, Inc.*, No. SA-05-CA-1127-FB, 2006 WL 3447688, at *4 (W.D. Tex. Nov. 2, 2006)). "In order to have standing, a person must be able to show an invasion of a 'legally protected interest' that is 'concrete and particularized and actual or imminent.'" *Id.* (citing *Arizonas for Official English v. Arizona*, 520 U.S. 43, 64 (1997)).

Here, even liberally construing Ms. Parten's filing as seeking to intervene in this action, she has failed to allege any facts demonstrating that she is a real party in interest under Rule 17(a). She has not claimed that she has an interest in the Motorcycle; she says it belongs to her brother. (*See* doc. 392 at 1; doc. 396 at 1.) She does not allege that she is authorized to seek any relief on her brother's behalf. Ms. Parten has therefore failed to state a sufficient basis to intervene as a matter of right pursuant to Rule 24(a). She also fails to assert or even suggest a claim or defense against any party in the underlying suit that shares a common question of law or fact in the underlying suit, so she fails to state a sufficient basis to intervene permissively pursuant to Rule 24(b). *See id.* at 24(b). She has failed to demonstrate any legally protected interest for purposes of standing. To the extent she seeks to intervene in this action, her request should be denied.

**B.**     **Trial of Right of Property**

The plaintiffs also argue that any party claiming an interest in the Motorcycle is required to proceed by trial of right of property. (doc. 394 at 3.)

Trial of right of property is a Texas statutory remedy available to a third-party claimant of personal property that has been levied upon pursuant to a writ to which the claimant is not a party.

4

Tex. R. Civ. P. 717.[3]  It is "intended to provide a means of giving a claimant a summary method of asserting his or her title or right of possession without resort to an ordinary suit for recovery of the property or its value."  *Union Bank & Trust Co. v. Mireless*, 697 S.W.2d 745, 747 (Tex. App.–Corpus Christi 1985, no writ)(citing *White v. Jacobs*, 66 Tex. 462, 1 S.W. 344, 345 (1886)). A trial of right of property is obtained by filing an application in the suit in which the writ is pending.  *See* Tex. R. Civ. P. 717.  The application must state that the claim is made in good faith and may be supported by affidavits of persons having knowledge of the relevant facts.  *Id.*  It must comply with all statutory requirements, state the grounds for the claim, and state the specific facts relied upon by the claimant.  *Id.*

In order to obtain possession of the levied property until a trial is held to determine its rights to the property, a claimant must file a sworn written motion admitting or denying each finding of the order directing the issuance of the writ, except where it is unable to admit or deny.  *Id*. at 718. The claimant bears the burden of showing superior right or title to the property claimed as against the plaintiff and the defendant in the writ.  *Id*. The motion shall stay any further proceedings under the writ, except for orders concerning the care, preservation, or sale of perishable property, until the preliminary hearing is held and the issue is determined.  *Id*.

Even assuming for purposes of this motion only that the Texas procedural rules for a trial of right of property apply in this federal case, Ms. Parten failed to follow the proper procedure for initiating a trial of right of property pursuant to Texas Rule 717.  She failed to file an application and affidavit stating that her claim is made in good faith, the grounds for her claim, and the specific facts

---

[3]Trial of right of property is a Texas procedural rule; it is not provided for in the Federal Rules of Civil Procedure.

upon which she relies to warrant a decision by the Court in her favor. *See* Tex. R. Civ. P. 717. She also failed to file a sworn motion that seeks possession of the seized property and that admits or denies each finding of the order directing the issuance of the writ as required. *See* Tex. R. Civ. P. 718. She failed to even allege that she has a claim to the Motorcycle.

To the extent that Ms. Parten seeks to assert title or a right to possession to the Motorcycle pursuant to a trial of right of property, her request should be denied.

### III.  RECOMMENDATION

Ms. Parten's request for return of the Motorcycle should be **DENIED**.

**SO RECOMMENDED** on this 31st day of May, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE